Stanley J. TROHIMOVICH and Anna Mae Trohimovich, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84-7708.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1985.

Decided Nov. 18, 1985.

Stanley J. Trohimovich, pro se.

Gilbert E. Andrews, Michael Paup, Glenn L. Archer, Jr., Washington, D.C., for respondent-appellee.

Before PREGERSON and WIGGINS, Circuit Judges, and WEIGEL,* District Judge.

WIGGINS, Circuit Judge:

Stanley J. Trohimovich and Anna Mae Trohimovich appeal pro se from a Tax Court decision upholding deficiency assess-

ments and additions to tax. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

The Trohimoviches failed to file federal income tax returns for the years 1976 through 1981. On April 4, 1983, the Internal Revenue Service (IRS) assessed deficiencies of $75,170 against Stanley and $64,508 against Anna based on Stanley's ownership interest in an automobile dealership in Grays Harbor, Washington. The IRS also assessed penalties of $22,501 against Stanley and $19,302 against Anna pursuant to 26 U.S.C. §§ 6653(a) and 6651(a)(1).

On July 11, 1983, the Trohimoviches filed a joint petition in the United States Tax Court to challenge the assessments and additions to tax. They contended that the seventeenth amendment, which changed the method for electing senators, was not enacted in accordance with article V of the Constitution, that the election of senators has been unlawful since 1915, and that the Internal Revenue Code and the IRS adopted and created by "illegally elected" senators are therefore invalid. They further claimed that IRS employees had committed various crimes and were involved with the Tax Court in a pattern of racketeering in violation of 18 U.S.C. § 1961.

The IRS moved for judgment on the pleadings pursuant to Rule 120(a) of the Rules of Practice and Procedure of the United States Tax Court. In a memorandum, the special trial judge found that the Trohimoviches' arguments were similar to those of other tax protestors and that they had alleged no justiciable error in the assessments. On April 20, 1984, the Tax Court adopted the special trial judge's memorandum, granted the motion of the IRS, dismissed the case, and awarded the IRS $5,000 in damages pursuant to 26 U.S.C. § 6673.

The Trohimoviches twice moved to vacate the decision of the Tax Court. Their

---

* Honorable Stanley A. Weigel, Senior United States District Judge for the Northern District of California, sitting by designation.

motions were denied on May 29 and July 12. The Trohimoviches mailed their notice of appeal on October 10, 1984.

## JURISDICTION

Generally, a notice of appeal from a Tax Court decision must be mailed within 90 days of entry of the Tax Court's decision. 26 U.S.C. §§ 7482, 7502(a). However, if within 30 days of entry of the decision, a party files a motion to vacate or revise the decision pursuant to Rule 162 of the Rules of Practice and Procedure of the United States Tax Court, the time for filing a notice of appeal is tolled until the Tax Court rules on the motion. Fed.R.App.P. 13(a). A timely motion for reconsideration pursuant to Rule 161 of the Rules of Practice and Procedure of the United States Tax Court, unlike a motion to vacate or revise, does not toll the time for filing a notice of appeal. Fed.R.App.P. 13(a). A motion is timely filed if it is postmarked within the required time, as long as it is properly addressed. 26 U.S.C. § 7502.

Here, the Trohimoviches filed a timely motion to revise or vacate the decision pursuant to Rule 162. The Tax Court denied their motion on May 29. On July 2, thirty-four days later, they filed a motion for "review" of the decision. The Tax Court denied the motion on July 12. The Trohimoviches filed only one notice of appeal to this court, mailed on October 10, 1984.

■ Although the Trohimoviches' timely motion to vacate or revise the decision tolled the time for filing a notice of appeal, the motion for "review" did not. First, the motion, which essentially seeks reconsideration of the denial of the motion to vacate or revise, appears to seek relief under Rule 161. *See Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983) (in ordinary civil cases, court looks to substance of motion to determine whether it tolls time for filing notice of appeal under Fed.R.App.P. 4(a)(4)).

Second, even if we were to construe the second motion as a Rule 162 motion, we would hold that the motion did not extend the time for filing a notice of appeal. We doubt that successive motions for post-trial relief in the Tax Court can be tacked together to extend the time for filing a notice of appeal when they assert the same grounds.

The Trohimoviches' notice of appeal, mailed 134 days after the denial of the Rule 162 motion, is therefore untimely and we lack jurisdiction over the appeal.

## SANCTIONS

■ The fact that we have no jurisdiction to consider the merits of this appeal does not preclude us from imposing sanctions under Fed.R.App.P. 38 or the court's inherent authority. *Cf. Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980) (inherent authority of the federal courts to impose sanctions for abusive tactics); *Mickwee v. Hsu,* 753 F.2d 770, 771 (9th Cir.1985) (per curiam) (attorney's fees and costs awarded on appeal even though appeal dismissed for lack of jurisdiction).

Our inherent jurisdiction to condemn and punish the abusive conduct of litigants and their attorneys who appear before us is separate and apart from our jurisdiction to adjudicate the merits of their claims. In the exercise of our inherent jurisdiction we may, of course, inform ourselves of the nature and extent of apparent misconduct and we may condemn it as abusive. Our condemnation is not the exercise of our jurisdiction over the merits; it is an exercise of our inherent jurisdiction. That some issue may be common to both bases of jurisdiction does not preclude this court from exercising either independently or both simultaneously.

Here, we have no jurisdiction to consider the merits of the Trohimoviches' arguments. Thus, in the absence of such jurisdiction we do not decide whether their arguments are frivolous or well taken. However, in the exercise of our separate inherent jurisdiction, we consider whether the conduct of these litigants is abusive.

■ Either Stanley or both Trohimoviches have filed at least fifteen tax-related appeals in this court since July, 1979. The Trohimoviches continue to abuse the judicial process and to burden this court, as

well as the district court and the Tax Court, with patently frivolous claims. Their war on taxes, the IRS, the courts, and anyone else who refuses to embrace their views on taxation has become "increasingly burdensome on the federal court system." *Edwards v. Commissioner,* 680 F.2d 1268, 1271 (9th Cir.1982). In light of the Trohimoviches' history of repetitive and meritless claims, the needless expenditure of judicial time, and our intent to deter further frivolous appeals, we find their arguments advanced in this case to be frivolous and impose sanctions of $500.00 on each of them. *Cf. Wood v. McEwen,* 644 F.2d 797, 802 (9th Cir.1981) (per curiam) (in imposing sanctions, the court reviewed appellant's prior conduct in the district court and in filing thirty-six other cases), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981) (the policy of Rule 38 is to deter frivolous appeals). Double costs are awarded to the Commissioner. Fed.R.App.P. 38.

The appeal is DISMISSED; sanctions are imposed in accordance with this opinion.