STANLEY J. TROHIMOVICH AND ANNA MAE TROHIMOVICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trohimovich v. Commissioner
Docket No. 31853-88
United States Tax Court
T.C. Memo 1989-384; 1989 Tax Ct. Memo LEXIS 383; 57 T.C.M. (CCH) 1109; T.C.M. (RIA) 89384; July 31, 1989
Stanley J. Trohimovich and Anna Mae Trohimovich, pro sese. Michael R. McMahon, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant *384 to the provisions of section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed January 23, 1989, and petitioners' Motion To Dismiss For Lack Of Jurisdiction, which was filed on February 21, 1989, as part of petitioners' Notice of Objection to respondent's motion. On September 9, 1988, respondent issued two notices of deficiency, one to each petitioner. In these notices he determined deficiencies in and additions to petitioners' Federal income taxes for 1984 and 1985 as follows: Stanley J. Trohimovich
1984
1985
Deficiency
$ 31,449.00
$ 16,305.00
Additions to Tax:
Section 6651(a)
7,862.00
4,076.00
Section 6653(a)(1)
1,572.00
815.00
Section 6653(a)(2)
50% of the
50% of the
interest due
interest due
on $ 31,449.00
on $ 16,305.00
Section 6654
1,975.00
941.00
*385 Anna Mae Trohimovich
1984
1985
Deficiency
$ 27,178.00
$ 11,632.00
Additions to Tax:
Section 6651(a)
6,795.00
2,908.00
Section 6653(a)(1)
1,359.00
582.00
Section 6653(a)(2)
50% of the
50% of the
interest due
interest due
on $ 27,178.00
on $ 11,632.00
Section 6654
1,708.00
666.00
These deficiencies were based on petitioners' unreported income. For each year, respondent allocated the community income, allowed each petitioner a personal exemption and computed the tax by using the table applicable to married persons filing separately. Respondent determined that petitioners failed to file their respective income tax returns for 1984 and 1985 within the time prescribed by law and did not show that the failure to file on time was due to reasonable cause. Respondent also determined that petitioners underpaid their estimated tax for 1984 and 1985 and that part or all of the underpayment of tax for the same period was due to negligence or intentional disregard of rules or regulations. On December 12, 1988, petitioners, residents of Aberdeen, Washington, filed a joint petition with *386 this Court. On February 21, 1989, petitioners filed a Notice of Objection to Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. In their petition and their objection to respondent's motion, petitioners alleged that there was no deficiency in their taxes for 1984 and 1985. They failed to plead any facts in support of their general denial of respondent's determinations. Petitioners plainly have failed to satisfy the provision of Rule 34(b)(5) requiring "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." Petitioners assert that, though representing themselves, they are experienced in the filing of petitions with this Court. Under analogous circumstances the general denial of respondent's determinations has been held insufficient to comply with this Court's rules. See, e.g., Carter v. Commissioner, 784 F.2d 1006 (9th Cir. 1986). Petitioners have failed to raise any issue of fact concerning respondent's determinations set forth in the statutory notice. Petitioners' arguments as to the law include their assertions that procedures under the Internal Revenue Code are null and void and *387 that decisions based on the "paper currency" of the United States are invalid. Petitioners also challenge the authority of the Commissioner of Internal Revenue and this Court. In their Notice of Objection petitioners move this Court to dismiss for lack of jurisdiction on the ground that all persons involved in the issuance of the notices of deficiency were without authority. On May 31, 1989, petitioners submitted a Motion For Court To Consider Application Of 18 U.S.C. § 1951, which we have treated as a supplemental objection. In this objection petitioners argue that respondent is engaged in acts of extortion and that this Court should prevent such acts by entry of an appropriate order. Petitioners' motion is without basis in fact or law and will be denied. Petitioners previously have presented frivolous claims to this and other courts. See, e.g., Trohimovich v. Commissioner, 776 F.2d 873 (9th Cir. 1985); Trohimovich v. Commissioner, 77 T.C. 252 (1981). In 1985, the Court of Appeals for the Ninth Circuit observed: "Either Stanley or both Trohimovichs have filed at least fifteen tax-related appeals in this court since July, *388 1979" and "continue to abuse the judicial process and to burden this court, as well as the district court and the Tax Court, with patently frivolous claims." Trohimovich v. Commissioner, 776 F.2d at 875-876. Tax protestor arguments repeatedly have been rejected by this Court and others as inapplicable or without merit. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner, 80 T.C. 1111 (1983). There is no need for repetition of those discussions in this case. In this case petitioners have failed to plead facts or advance any legal theory that would indicate that respondent's determination is incorrect. The presumption of correctness is in favor of respondent and petitioners bear the burden of proving his determinations wrong. Welch v. Helvering, 290 U.S. 111 (1933); Rockwell v. Commissioner, 512 F.2d 882, 887 (9th Cir. 1975), cert. denied 423 U.S. 1015 (1973); Rule 142(a). Petitioners also bear the burden of proof with respect to the additions to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). *389 Accordingly, we find that each of the petitioners is liable for tax and additions to tax in the amounts shown on the respective notice of deficiency issued to such petitioner. Respondent's motion to dismiss will be granted, and petitioners' motion to dismiss will be denied. In his motion to dismiss respondent urges that we impose damages under section 6673. Under the circumstances of this case, as described above, we conclude that petitioners maintained this action primarily for delay and that their position in these proceedings is frivolous and groundless. We award damages to the United States in the amount of $ 5,000 pursuant to section 6673. Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 408-413 (1984). An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩