1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles A. COPE, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70852.
 United States Court of Appeals, Ninth Circuit.*
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Cope appeals pro se the Tax Court's dismissal of his petition for redetermination of the Commissioner's determination of deficiencies in his federal income tax for the years 1985, 1986, and 1988. Because Cope's notice of appeal was untimely, we dismiss this appeal for lack of jurisdiction.
 
 
 3
 * The Tax Court entered its decision on March 25, 1992. Cope did not file his notice of appeal until December 21, 1992, long after the expiration of the 90-day period for filing such notices provided by 26 U.S.C. Sec. 7483. His notice of appeal is therefore untimely and we lack jurisdiction over the appeal. Trohimovich v. Commissioner, 776 F.2d 873, 875 (9th Cir.1985).
 
 
 4
 Cope contends that his notice of appeal was timely because it was filed within 90 days of the Tax Court's entering a revised decision on September 21, 1992, following the Commissioner's September 16 motion to revise the decision. His argument is unavailing. While a motion to revise filed pursuant to Rule 162 of the Tax Court Rules of Practice and Procedure terminates the running of the time for appeal, Fed.R.App.P. 13(a), the 90-day period had already expired when the Commissioner filed his motion, and the Tax Court no longer had jurisdiction to consider the motion. See Billingsley v. Commissioner, 868 F.2d 1081, 1084 (9th Cir.1989).
 
 II
 
 5
 The Commissioner asks us to impose sanctions on Cope for bringing a frivolous appeal. "The fact that we have no jurisdiction to consider the merits of this appeal does not preclude us from imposing sanctions." Trohimovich, 776 F.2d at 875. However, because we have no jurisdiction to consider the merits of Cope's arguments, we do not decide whether they are "frivolous or well taken." Id. Furthermore, the Commissioner has not shown Cope's conduct to be abusive. We decline to impose sanctions.
 
 
 6
 Appeal DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3