Christa M. OKON, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 93–9024.

United States Court of Appeals, Tenth Circuit.

June 16, 1994.

---

Christa M. Okon, pro se.

Loretta C. Argrett, Asst. Atty. Gen., Ann B. Durney, Scott P. Towers, Tax Div., Dept. of Justice, Washington, DC, for appellee.

Before ANDERSON and KELLY, Circuit Judges, and BELOT,* District Judge.

BELOT, District Judge.

This is an appeal from a decision of the United States Tax Court affirming income tax deficiencies with attendant penalties and fines assessed by the Commissioner, and imposing an additional penalty under 26 U.S.C. § 6673 for the pursuit of frivolous or groundless litigation. For the reasons stated below, we dismiss the appeal for lack of jurisdiction, *see generally Wagoner v. Wagoner,* 938 F.2d 1120, 1121 (10th Cir.1991) (appellate court has duty to inquire into its own jurisdiction, even though neither party contests it, and has no choice but to dismiss appeal where jurisdiction is lacking), and deny the Commissioner's request for appellate sanctions.[1]

Petitioner commenced this action to dispute income tax deficiencies and penalties assessed for the years 1985 and 1986, when petitioner admittedly earned income but did not file tax returns. On January 21, 1993, the Tax Court issued a memorandum opinion in which it granted the Commissioner's motion to dismiss the petition for failure to state a claim and imposed a $1,500 penalty under § 6673. These rulings were formalized in an order and decision entered January 27, 1993. Petitioner had ninety days to perfect an appeal from that decision. *See* 26 U.S.C. § 7483; Tax Ct.R. 190(a); Fed.R.App.P. 13(a).

Shortly thereafter, however, petitioner moved to vacate the decision under Tax Ct.R. 162. In accordance with Fed.R.App.P. 13(a), this tolled the appeal period until April 23, 1993, when the motion was denied by the Tax Court. (The court also amended its decision on that date to include specific references to the tax deficiencies and additions previously determined and set out in its memorandum opinion.) Petitioner then had until July 21, 1993, to commence an appeal. Instead, she filed a "Renewed Motion to Vacate the Tax Court's Order and Decision," in which she "once more ask[ed] th[e] Court to vacate its Memorandum Opinion and its [amended] Order and Decision." R. Vol. I, doc. 19 at 2. This second motion to vacate was denied on May 28, 1993.

Petitioner finally filed her notice of appeal on August 24, 1993, within ninety days of the denial of her second motion to vacate, but well beyond that same critical period as measured from the denial of her first motion. Thus, unless the second motion tolled again the time for appeal, petitioner's notice was untimely and, consequently, failed to establish this court's jurisdiction. *See Gooch v. Skelly Oil Co.,* 493 F.2d 366, 368 (10th Cir.), *cert. denied,* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974) ("A court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal and this requirement is mandatory and jurisdictional.").

 This court has noted on several occasions the general principle that tolling motions may not be tacked together to perpetuate the prescribed time for appeal. *See, e.g., Mullen v. Household Bank–Fed. Sav. Bank,* 867 F.2d 586, 587 n. 1 (10th Cir.1989); *Venable v. Haislip,* 721 F.2d 297, 299 (10th Cir. 1983); *see also Wagoner,* 938 F.2d at 1123 n. 3. This general principle is fully appropriate to the present tax context, *see* Tax Ct.R. 162 (making no provision for successive motions

---

\* Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

to vacate); Fed.R.App.P. 13(a) (making no provision for repeated tolling of appeal period); *see, e.g., Trohimovich v. Commissioner,* 776 F.2d 873, 875 (9th Cir.1985) (rejecting possible tolling effect of "successive motions for post-trial relief [under Rules 161, 162] in the Tax Court"), and we now expressly acknowledge its application here.[2] Accordingly, petitioner's notice of appeal was plainly out of time and we must, therefore, dismiss the appeal.

█ The jurisdictional disposition of this appeal impacts, though does not obviate, our assessment of the Commissioner's motion for appellate sanctions. As the Ninth Circuit observed in *Trohimovich,* "that we have no jurisdiction to consider the merits of this appeal does not preclude us from imposing sanctions ..., [but] in the absence of such jurisdiction we do not decide whether [the appellant's] arguments are frivolous or well taken." *Trohimovich,* 776 F.2d at 875; *see also Wojan v. General Motors Corp.,* 851 F.2d 969, 973 (7th Cir.1988). Rather, we look to the obviousness of the jurisdictional deficiency undermining petitioner's appeal, in connection with the more general question "whether the conduct of th[is] litigant[ ] is abusive," as shown by, for example, a "history of repetitive and meritless claims," *Trohimovich,* 776 F.2d at 875–76, or the pursuit of numerous facially inappropriate motions in this proceeding. In our view, the Commissioner—who also overlooked the jurisdictional deficiency underlying our disposition—has not justified, and, based on the record, could not justify, the imposition of appellate sanctions in this respect.

The appeal is DISMISSED and the Commissioner's request for sanctions is DENIED. The mandate shall issue forthwith.

---

2. The Ninth Circuit appeared to limit its holding in *Trohimovich* regarding the non-tolling effect of successive post-trial motions by adding the qualifying phrase, "when they assert the same grounds." *Trohimovich,* 776 F.2d at 875. Our cases, however, do not suggest any such exception for litigants who parcel out objections over successive post-trial motions. While the case for an exception may be stronger when new grounds for objection only belatedly become available to the post-trial movant, we need not decide that question today. The only truly new matter addressed in petitioner's "renewed" motion to vacate involved the sua sponte amendment of the Tax Court's decision to include the figures from its memorandum opinion, and petitioner has not challenged that essentially ministerial action on appeal.