52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David SACK, Plaintiff-Appellant,
v.
Gary HUGGINS; Gerald Hunter; Gregory N. Combs, Carl
Longmire; Dennis Shook; Skip Hendricks; Larry Langley;
Bruce Sewell; Elmer Shephard; Johnny Cannon; Marilyn
Cole; Diana Jones; Richard McLaughlin, Defendants-Appellees.
 No. 94-7068.
(D.C. No. CV-92-522-NJ)
 United States Court of Appeals, Tenth Circuit.
 April 7, 1995.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 At issue is the district court's warning that it may impose sanctions or restrictions against plaintiff David Lee Sack "if he ever files a new action or motion regarding the same underlying set of events in this [district] court." Sack v. Huggins, No. Civ. 92-522-NJ, slip op. at 3 (E.D. Okla. Apr. 22, 1994). The events referred to by the district court concern Sack's 1990 automobile accident and his subsequent prosecution, conviction, and incarceration for possessing a fake Oklahoma driver's license, and for second degree murder, based on the death of another person involved in the accident. Based on these events, Mr. Sack has filed at least four civil rights actions, all of which have been dismissed by the district court and affirmed on appeal.
 
 
 3
 As originally filed, the appeal of his fourth civil rights action (appeal No. 93-7108) was jurisdictionally defective. The district court had not adjudicated the claims against one of the fifteen named defendants, defendant Wagoner County. This court gave Sack thirty days to obtain from the district court either an order adjudicating the claims against the remaining defendant or an appropriate Fed.R.Civ.P. 54(b) certification.
 
 
 4
 At Sack's request, the district court decided the claims against Wagoner County. Sack v. Huggins, No. Civ. 92-522-NJ (E.D. Okla. Apr. 22, 1994). In the same order, however, the court noted that Sack had filed four civil rights actions arising from the same underlying events. The court warned that Sack may face sanctions or restrictions if he filed new actions or motions regarding the same underlying events. Also, the court explained that Sack's "opportunity to oppose such sanctions, will be at the time [he] files such a motion or action." Id., slip op. at 3. Finally, the court offered Sack some advice: "The record in [Sack's] many cases reveals what appears to be a great deal of pent-up anger and hostility on [Sack's] part. [Sack] is gently advised he may be better off rechanneling such emotions, and spending his remaining days in prison engaged in more positive and constructive pursuits." Id.
 
 
 5
 Sack moved for reconsideration of, what he called, the "biased and inflammatory order." R. I, doc. 53. He did not object to the dismissal of Wagoner County. Instead, he asked the district court to withdraw its warning. The district court denied the motion for reconsideration.
 
 
 6
 Upon the district court's issuance of a final order, this court resumed consideration of appeal No. 93-7108. We affirmed in an unpublished order and judgment. Sack v. Huggins, No. 93-7108 (10th Cir. Aug. 1, 1994). Sack requested, but was denied, permission to file a supplemental brief in appeal No. 93-7108, to address the propriety of the district court's warning. Meanwhile, Sack filed a notice of appeal from the denial of his motion for reconsideration of the order containing the warning. It is that appeal we are now considering.
 
 
 7
 Sack argues on appeal that the district court's warning and associated comments demonstrate that the district court is biased against him. Attacking the propriety of the warning, Sack claims he suffered a manifest injustice when his earlier civil rights actions were incorrectly dismissed--a manifest injustice that justifies relitigation of the claims. He urges this court to correct the "manifest injustice, vacate prior adjudications of Sack v. Lowder [one of his prior civil rights actions] as void or manifestly unjust, reverse the present case and issue [a] writ of habeas corpus." Appellant's Br. at 10.
 
 
 8
 Appellees, the named defendants in the fourth civil rights action, argue that this appeal is simply another attempt by Sack to relitigate issues that have already been addressed in other appeals. Appellees Langley, Sewell, Hunter, Combs, and Huggins request that Sack be sanctioned for filing a frivolous appeal.
 
 
 9
 We hold that Sack lacks standing to pursue this appeal. "Standing is a jurisdictional issue that may be raised by the court at any time." Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir.1993). We must examine our jurisdiction, even when neither party contests it. See Wagoner v. Wagoner, 938 F.2d 1120, 1121 (10th Cir.1991). "To have standing, one must be aggrieved by the order from which appeal is taken." Uselton, 9 F.3d at 854.
 
 
 10
 Sack has not been sufficiently aggrieved by the district court's warning. The order simply warns against filing repetitious and frivolous claims. All litigants, though, must refrain from abusive filings, even absent a specific warning. See, e.g., Fed.R.Civ.P. 11 (requiring certification that pleading or filing is not presented for improper purpose and is warranted by law or by nonfrivolous argument for extension of law); 28 U.S.C.1915(d) (frivolous or malicious in forma pauperis filings are subject to dismissal). The order does not impose any sanctions or restrictions. The possibility of future sanctions is insufficient to confer standing to appeal the warning.
 
 
 11
 That we lack jurisdiction " 'to consider the merits of this appeal does not preclude us from imposing sanctions....' " Okon v. Commissioner, 26 F.3d 1025, 1027 (10th Cir.), cert. denied, 115 S.Ct. 583 (1994). To determine whether Sack should be sanctioned, we examine whether his conduct " 'is abusive,' as shown by, for example, a 'history of repetitive and meritless claims,' or the pursuit of numerous facially inappropriate motions in this proceeding." Id. (quoting Trohimovich v. Commissioner, 776 F.2d 873, 875-76 (9th Cir.1985)). We also may consider the "obviousness of the jurisdictional deficiency undermining [the] appeal." Id.
 
 
 12
 Sack has repeatedly argued in this court that Sack v. Lowder, No. CIV-90-554-S (E.D. Okla. Sept. 17, 1991), aff'd, Nos. 91-7082, 91-7111 (10th Cir. Jan. 6, 1992), one of his earlier civil rights actions, should not be given preclusive effect. We rejected that argument in Sack v. St. Francis Hospital, Nos. 93-5096, 93-7031, 93-7051, slip op. at 3-5 (10th Cir. Jan. 25, 1994). Further, we noted that Sack has "[p]ersistently attempt[ed] to relitigate issues and claims that have been decided against him." Id. at 8. We cautioned that his "future in forma pauperis filings may be dismissed summarily if they contain repetitious and frivolous arguments regarding civil rights claims arising from the underlying set of events that has been the subject of his previous appeals." Id. In a subsequent appeal, Sack v. Huggins, No. 93-7108, slip op. at 4 (10th Cir. Aug. 1, 1994), Sack again argued that Sack v. Lowder should not be given preclusive effect. We refused to revisit the issue. Id.
 
 
 13
 Now, Sack tries to resurrect the issue in this appeal. In fact, he spends the bulk of his brief explaining why this court should vacate Sack v. Lowder. Sack has been duly warned not to reargue this issue. His persistence warrants some sanction. At the very least, Sack has abused his privilege of proceeding in forma pauperis in this appeal. We, therefore, tax him with the $105 filing fee associated with this action. See Olson v. Coleman, 997 F.2d 726, 728-29 (10th Cir.1993)(taxing costs of frivolous appeal against petitioner who had been allowed to proceed in forma pauperis, pursuant to 28 U.S.C.1915(e)).[2] Any future abuse of the privilege of proceeding in forma pauperis may result in additional sanctions, including filing restrictions. See Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir.1994)(citing In re Sindram, 498 U.S. 177, 180 (1991)).
 
 
 14
 Within ten days of the date of this order, Sack may file a written objection, limited to fifteen pages, to this sanction. See Werner v. Utah, 32 F.3d 1446, 1449 (10th Cir.1994). The appeal from the judgment of the United States District Court for the Eastern District of Oklahoma is DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Following the procedure we adopted in Olson,
 we direct the appropriate prison official to withdraw $105 from [Sack's] prison account and transfer that sum to the clerk of this court, noting the appropriate case number. If the prison account contains insufficient funds to fully satisfy the costs we have imposed, then additional funds shall be transferred within thirty days of such funds accumulating in the account.
 Olson, 997 F.2d at 729 n. 3. The clerk of this court shall provide a copy of this order to the Director of Inmate Prison Accounts, Conner Correctional Center, Hominy, Oklahoma.