**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JUDITH W. DAVIS,

       Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent.

No. 97-9020
Appeal from U.S. Tax Court
(T.C. No. 11713-94)

---

ORDER AND JUDGMENT *

---

Before **TACHA** and **McKAY** , Circuit Judges, and **BROWN,** ** Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Respondent Commissioner of Internal Revenue issued a statutory notice of deficiency to petitioner Judith W. Davis determining deficiencies in her income taxes for the years 1990 and 1991 and additions to tax under 26 U.S.C. § 6651(a)(1) for 1990 and 1991 and under 26 U.S.C. § 6654 for 1991.  Ms. Davis filed a petition in Tax Court disputing the determinations.  On February 18, 1997, the Tax Court issued a memorandum findings of fact and opinion in favor of the Commissioner.  On May 5, 1997, the Tax Court entered a decision setting forth the amount of the deficiencies and additions to tax.  Ms. Davis appealed, and we affirm.

I.

Before addressing the merits of this appeal, we must consider whether we have jurisdiction over the appeal.  At this court's request, the parties have addressed (1) whether this court has jurisdiction where the notice of appeal was filed more than ninety days after entry of the Tax Court's decision,    see Fed. R. App. P. 13(a), and (2) whether this court has jurisdiction where the notice of appeal was filed while a motion for reconsideration was pending.  Both parties correctly argue that this court has jurisdiction to consider this appeal.

After the Tax Court issued its interlocutory memorandum findings of fact and opinion, on February 18, 1997, Ms. Davis filed a motion to reconsider. The Tax Court denied the motion on March 27, 1997. Thereafter, the parties filed their respective computations of taxes owed. On May 5, 1997, the Tax Court entered a final decision adopting the Commissioner's computations and setting forth the income taxes and additions to tax owed by Ms. Davis. On June 4, 1997, within the thirty days prescribed for a tolling motion, see Tax Ct. R. 162, Ms. Davis postmarked a timely motion to vacate or revise the decision, see 26 U.S.C. § 7502(a). The Tax Court denied the motion on June 20, 1997. Eighty-nine days later, on September 17, 1997, Ms. Davis postmarked a timely notice of appeal. See Fed. R. App. P. 13(b); 26 U.S.C. § 7502(a); 26 C.F.R. § 301.7502-1.

Although Ms. Davis filed the June 4, 1997, motion to vacate or revise the decision after filing the March 26, 1997, motion to reconsider, there is no problem with tacking of tolling motions. See Okon v. Commissioner, 26 F.3d 1025, 1026 (10th Cir. 1994) (tolling motions may not be tacked to perpetuate prescribed appeal period from Tax Court decision). The February 18, 1997, memorandum findings of fact and opinion was merely an interlocutory ruling sustaining the Commissioner's determinations and deciding Ms. Davis would be liable for some amount of taxes and additions to tax. Cf. Albright v. UNUM Life

-3-

Ins. Co., 59 F.3d 1089, 1092-93 (10th Cir. 1995) (order determining liability but leaving damages to be calculated is not final). The May 5, 1997, decision was the Tax Court's final order determining the amount of tax liability and additions to tax. See Fed. R. App. P. 13(a) (referring to "decision"). Thus, Ms. Davis' motion to reconsider the interlocutory opinion was not a tolling motion. Cf. Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (motion asking district court to exercise discretionary authority to revise interlocutory ruling before final judgment does not "call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under Fed. R. Civ. P. 59(e)").

We conclude Ms. Davis filed her notice of appeal within the prescribed ninety days. See Fed. R. App. P. 13(a). Also, we conclude no motion for reconsideration remained pending when she filed her notice of appeal. Accordingly, we have jurisdiction to consider this appeal. See 26 U.S.C. § 7482(a)(1).

II.

The issues heard and decided by the Tax Court concerned (1) whether amounts Ms. Davis received from a subchapter S corporation were wages and (2) whether she was entitled to a deduction in 1990 for a net operating loss in excess of the amount of the deduction allowed by the Commissioner. On appeal,

-4-

Ms. Davis does not specifically dispute the Tax Court's determinations with regard to these issues. [1] Rather, she argues the Commissioner was required to issue final administrative adjustment reports with respect to a partnership and subchapter S corporation before passing any adjustments through to her individual return. According to Ms. Davis, the Commissioner improperly passed through the adjustments without allowing the partnership and subchapter S corporation to administratively appeal any adjustments. [2]

Ms. Davis' arguments with respect to the subchapter S corporation are based upon 26 U.S.C. §§ 6241-6245 (1988). These provisions do not apply to her case because the subchapter S corporation at issue has fewer than the requisite number of shareholders. See 26 C.F.R. § 301.6241-1T(c)(2)(ii) (provisions do not apply to subchapter S corporation with five or fewer

---

[1] Ms. Davis argues in her reply brief that she could not meet her burden of proof before the Tax Court because the Commissioner had all relevant records for three years until the Tax Court rendered its decision. She, however, has never argued that the Commissioner precluded her from looking at these records. We conclude this argument is without merit.

[2] Ms. Davis first made these arguments in the Tax Court in her motion to reconsider and motion for deferral of entry of judgment. The Tax Court denied the motions without explanation. Because it is not clear whether the Tax Court denied the arguments on their merits, we will consider the arguments. Cf. Oyler v. Allenbrand, 23 F.3d 292, 299-300 & n.10 (10th Cir. 1994) (recognizing motion to reconsider is not proper means for raising new grounds for relief, but entertaining issues on appeal because district court considered them); Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1285 (10th Cir. 1988) (declining to address on appeal issue first raised in motion to reconsider where district court did not consider the issue).

shareholders); see also R. Ex. B at 8-10 (1989 subchapter S corporation tax return reporting three shareholders); id. Doc. 10 at 3 (stipulation that Ms. Davis owned 100% of subchapter S corporation's stock in 1990 and 1991). Thus, a final subchapter S administrative proceeding and adjustment were not required.

Ms. Davis' arguments with respect to the partnership are based upon 26 U.S.C. §§ 6221-6231 (1988 & Supp. I 1989). These provisions also do not apply because the partnership at issue has fewer than the requisite number of partners. See id. § 6231(a)(1)(B)(i) (exception for partnership with ten or fewer partners); 26 C.F.R. § 301.6231(a)(1)-1T (same); see also R. Ex. N. at 10-13 (1989 partnership return showing two individual partners).

Even if the partnership had the required number of partners, the provisions still would not apply. "[I]f a partner treats an item on the partner's return consistently with the treatment of the item on the partnership return, the Internal Revenue Service generally cannot adjust the treatment of that item on the partner's return except through a partnership-level proceeding." 26 C.F.R. § 301.6221-1T(a). If, however, the partner does not treat the item consistently, the IRS may make an adjustment to the partner's return without a partnership level proceeding, unless the partner (1) notifies the Commissioner of the inconsistent treatment or (2) proves, and makes a proper election, that the partner's treatment of the item was consistent with the treatment of the item on

the schedule K-1 furnished by the partnership to the partner.    See 26 C.F.R. §§ 301.6222(b)-2T; 301.6222(b)-3T.

In this case, the partnership reported income from the discharge of indebtedness, § 1231 gain, and ordinary loss items on its 1989 return and provided a schedule K-1 to Ms. Davis reflecting these items.    See R. Ex. N at 4, 10.  She failed to report the items on her individual tax return.    See id. Ex. 7-L at 4.  Her treatment of the items was not consistent with the partnership's treatment of the items.  Nothing indicates that she notified the Commissioner of the inconsistent treatment.  The Commissioner, therefore, correctly adjusted her 1989 return to include the partnership items without conducting a partnership level proceeding.  Also, after correctly adjusting her 1989 return, the Commissioner properly determined her net operating loss carryover deduction for 1990.

The judgment of the United States Tax Court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Wesley E. Brown
Senior District Judge

-7-