**Jacqueline GREEN, and Theodore Major Green, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 06–71856, 06–71860.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Jacqueline Green, Moorpark, CA, for Petitioners–Appellants.

Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Marion E.M. Erickson, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent–Appellee.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Jacqueline and Theodore Green appeal pro se from the tax court's decision upholding deficiency determinations for 2000 and 2001. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review de novo the tax court's interpretation of the Internal Revenue Code ("I.R.C."), *Ewing v. Comm'r,* 439 F.3d 1009, 1012 (9th Cir. 2006), and we affirm.

The tax court properly determined that the Social Security benefits Mrs. Green received in 2000 and 2001 are not excludable from taxable gross income under I.R.C. § 104. The plain language of I.R.C. § 86(a) expressly includes Social Security benefits as taxable income. *See* 26 U.S.C. § 86(a) ("gross income ... includes social security benefits"). Moreover, the benefit payments received under the Social Security Act are not restricted to cases of work-related injury or sickness, as required under I.R.C. § 104. *See Take v. Comm'r,* 804 F.2d 553, 557 (9th Cir.1986) ("Statutes that do not restrict the payment of benefits to cases of work-related injury or sickness are not considered to be 'workmen's compensation acts' under section 104."); *see also* 42 U.S.C. § 423 (providing Social Security disability benefits regardless of causation).

The tax court properly determined that the Greens' uncollected personal injury judgment does not qualify as a deductible loss under I.R.C. § 165(c) because that provision limits deductions to "losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft." *See* 26 U.S.C. § 165(c).

The tax court did not err by failing to address the statutes of limitations because the Greens failed to raise the issue, and, in any event, the record demonstrates the Commissioner noticed the deficiencies within the applicable limitations periods.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.