T.C. Summary Opinion 2011-59


UNITED STATES TAX COURT


GARY T. PAYNE AND CARLINE T. DRAIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5405-10S.                    Filed May 12, 2011.


Gary T. Payne and Carline T. Drain, pro sese.

Rachael J. Zepeda, for respondent.


GERBER, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

case.  Respondent determined a $1,643 deficiency in petitioners'
2007 Federal income tax.  After concessions the sole issue for
consideration is whether petitioners may exclude from income
Social Security disability benefits (SSD benefits).

### Background[2]

Petitioners resided in Arizona when they timely filed their
petition.  In 2007 Ms. Drain received $14,526 in SSD benefits.

### Discussion

Petitioners have adamantly contended that SSD benefits are
not taxable.  In part, their argument is based on their belief
that the benefits have already been taxed and to tax them again
would be double taxation.  Their belief is based on the fact that
the Government collects their payments into the Social Security
system along with and in the same manner as the income tax and/or
that they made the payments with after-tax dollars.  We
understand how petitioners feel; unfortunately, however, their
argument is unavailing, as explained in Roberts v. Commissioner,
T.C. Memo. 1998-172, affd. without published opinion 182 F.3d 927
(9th Cir. 1999).

Petitioners' second argument is that SSD benefits are
excludable under section 104.  It is well established that SSD
benefits are includable in income under section 86 and are not

---

[2]The stipulation of facts and the attached exhibits are
incorporated herein by this reference.

excludable as workmen's compensation benefits under section 104(a)(1), <u>Green v. Commissioner</u>, T.C. Memo. 2006-39, affd. 262 Fed. Appx. 790 (9th Cir. 2007), or accident/health insurance benefits under section 104(a)(3), <u>Seaver v. Commissioner</u>, T.C. Memo. 2009-270.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.