**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TERESA G. MURPHY,

    Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 22-9001
(CIR No. 13970-19)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

_____

Teresa Murphy, pro se, appeals from an adverse decision of the Tax Court. The

Tax Court held that her Social Security income is taxable and that she owes back taxes.

Murphy disagrees and appeals. We have jurisdiction to review the Tax Court's decision

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under I.R.C. § 7482(a)(1) "in the same manner and to the same extent as decisions of the district courts . . . tried without a jury."

In 2019, the Commissioner of Internal Revenue determined that Murphy had underreported her Social Security income on her 2016 tax return. The Commissioner issued her a deficiency notice for that year. Murphy timely appealed to the Tax Court. The Tax Court held a trial and issued a decision agreeing with the Commissioner. The Tax Court found that the Social Security benefits were taxable and Murphy owed $3,437 as part of her 2016 taxable income. Murphy filed a motion to vacate and included her notice of appeal ("NOA") as an attachment to her motion on February 14, 2022. The Tax Court denied her motion to vacate on March 30, 2022 and ordered that her NOA be deemed filed as of February 14, 2022. ("ORDERED that petitioner's motion to vacate, filed on February 14, 2022, is denied. It is further ORDERED that the Clerk of Court is directed to file the notice of appeal as of the date of petitioner's motion to vacate in this case.").

We review the Tax Court's legal conclusions de novo and its findings of fact for clear error. *Consol. Mfg., Inc. v. C.I.R.*, 249 F.3d 1231, 1236 (10th Cir. 2001). Murphy makes one legal argument in her opening brief: Her Social Security benefits are tax-exempt because, in her view, they are part of her employer-provided disability benefits. But because our jurisdiction is predicated on a timely filed NOA, we start by addressing

our jurisdiction. *See Okon v. C.I.R.*, 26 F.3d 1025, 1026 (10th Cir. 1994) (parties have 90 days to appeal a final Tax Court decision).

As mentioned, Murphy attached her NOA to her motion to vacate. Thus, her NOA was initially mis-filed. But the Tax Court caught this issue when it denied her motion to vacate on March 30th, 2022. So the Tax Court ordered that the NOA be deemed filed as of February 14, 2022. Her NOA was therefore timely filed as of this date, and the Commissioner hasn't argued otherwise. We therefore conclude that we have jurisdiction.[1]

Turning to the merits of Murphy's appeal, Murphy explains that she is a former employee of Cigna Health, and her disability benefits from Cigna were supposed to be tax-exempt. Importantly, Cigna has a policy of reducing the Cigna-provided disability benefits by the amount of an employee's Social Security benefits. And the offset amount is paid by the Social Security Administration. Even so, Murphy believes that her Social Security benefits shouldn't be taxed.

Murphy's argument fails to grapple with the plain text of I.R.C. § 86. This is the relevant provision of the Internal Revenue Code that led to an adverse decision against her in the Tax Court. The Tax Court found that I.R.C. § 86(a) treats her Social Security income as taxable, at least in part. *See* R. Vol. 2 at 64 (explaining that "section 86 provides that a taxpayer whose modified adjusted gross income plus one-half of the

---

[1] We note that we have discretion to give effect to a prematurely filed NOA. *Davison v. C.I.R.*, No. 20-9002, 2022 WL 2196884, at *3 (10th Cir. June 17, 2022). So even if Murphy's NOA was prematurely filed before her motion to vacate was resolved, we would exercise our jurisdiction to address the merits of this otherwise straightforward case.

Social Security benefits received exceeds an 'adjusted base amount' of $34,000 must include 85% of the Social Security benefits, including Social Security Disability benefits, into gross income." (citing *Reimels v. C.I.R.*, 123 T.C. 245, 247 (2004), *aff'd*, 436 F.3d 344 (2d. Cir. 2006)). Courts have held that I.R.C. § 86(a) means exactly what it says. *See, e.g.*, *Green v. C.I.R.*, 262 F. App'x 790, 790 (9th Cir. 2007) ("The plain language of I.R.C. § 86(a) expressly includes Social Security benefits as taxable income."). And we are bound to apply federal statutes as they are written. *Thompson R2-J Sch. Dist. v. Luke P. ex rel. Jeff P.*, 540 F.3d 1143, 1155 (10th Cir. 2008) ("Our job, however, is to apply the law as Congress has written it[.]").

The Tax Court didn't err in finding Murphy's Social Security income to be taxable. And it's of no legal consequence for tax purposes that Cigna reduces its employer-provided disability benefits by the amount of an employee's Social Security income. We therefore affirm the Tax Court.[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] Murphy also tells us that, on various occasions, IRS employees told her that her view of the law was correct. It's unclear whether Murphy believes this is relevant to her position on appeal. In any event, Murphy would be mistaken in giving legal weight to these discussions because "statements by individual IRS employees cannot bind the Secretary." *Sidell v. Comm'r*, 225 F.3d 103, 111 (1st Cir. 2000) (citations omitted).