867 F.2d 586
 13 Fed.R.Serv.3d 84
 Leo M. MULLEN, M.D.; the Credit Card Corporation,
Plaintiffs-Appellants,
v.
HOUSEHOLD BANK-FEDERAL SAVINGS BANK; L. Franklin Taylor;
Thos Britt Nichols, doing business as Payne Jones; the
Honorable Leighton Fossey; Federal Savings & Loan Insurance
Corporation, Receiver for Century Savings Association of
Kansas; Russell W. Gunn, Jr.; Roger Van Pelt; Peter S.
Brune; Richard D. Carlson; Elson Herndon; Leroy C. Tombs;
Kent D. Gates; H. Kenton Zornes; Everett Tomlin,
Defendants-Appellees.
 No. 87-1335.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 10, 1989.
Rehearing Denied April 4, 1989.
 
 Leo M. Mullen, M.D., pro se.
 John P. Jennings, Jr., Copilevitz, Bryant, Gray & Jennings, P.C., Kansas City, Mo., L. Franklin Taylor, Olathe, Kan., and Gregory J. Bien, Sloan, Listrom, Eisenbarth, Sloan and Glassman, Topeka, Kan., for defendants-appellees.
 Before BALDOCK and BRORBY, Circuit Judges, and BURCIAGA, District Judge.*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the district court dismissing plaintiff's complaint for lack of jurisdiction.
 
 
 3
 Plaintiff commenced this action in district court pursuant to 28 U.S.C. Sec. 1332. In his complaint, plaintiff alleged that defendants had been involved in fraudulent dealings relating to his purchase of land and the resulting court proceedings.
 
 
 4
 Some of the defendants moved to dismiss for lack of subject matter jurisdiction. The district court granted these motions on the ground that some defendants were not diverse to plaintiffs and dismissed the case. Plaintiffs then moved for leave to amend their complaint and to dismiss the nondiverse defendants. This motion was timely under Fed.R.Civ.P. 59(e). The court denied the motion on the ground that even should diversity be established, plaintiffs' claims were futile because they had failed to state any facts essential to support a claim for fraud.[1]
 
 
 5
 On appeal plaintiffs argue that the district court erred in denying their motion to amend their complaint. Plaintiffs do not appeal the district court's original dismissal for lack of jurisdiction.
 
 
 6
 Leave to dismiss nondiverse parties should be freely granted at any stage of the proceedings. See Fed.R.Civ.P. 21; Varley v. Tampax, Inc., 855 F.2d 696, 700 (10th Cir.1988). However, such leave need not be granted if the proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962). Here the district court determined that plaintiffs' amended complaint was deficient. The court held that defendant, the Honorable Leighton Fossey, was entitled to the affirmative defense of judicial immunity and further, that the claims against him were time-barred. The court also held that the amended complaint failed to state a cause of action for fraud under Fed.R.Civ.P. 9(b). Upon review of the proposed amended complaint, we find no abuse of discretion in the district court's ruling.
 
 
 7
 Defendants Household Bank-Federal Savings Bank, L. Franklin Taylor, and Elson Herndon have moved to dismiss the appeal for failure to follow the Federal Rules of Appellate Procedure. We do not grant motions to dismiss for this reason. See 10th Cir.R. 27.2.1.
 
 
 8
 These defendants moved for injunctive relief prohibiting plaintiff from bringing further actions against them. Any such relief must be sought first in district court. Defendants have not indicated that they have done so. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir.1986). This court has the authority to enjoin plaintiffs from filing appeals to this court. 28 U.S.C. Sec. 1651(a); Green v. Warden, United States Penitentiary, 699 F.2d 364, 367 (7th Cir.), cert. denied, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983). However, we do not find here the type of malicious action that generally justifies the imposition of such an injunction. See Green v. Warden, 699 F.2d 364.
 
 
 9
 These defendants also moved for sanctions on appeal. Plaintiffs have had an opportunity to respond to the request.
 
 
 10
 Courts have the inherent power to impose a variety of sanctions on ... litigants ... in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. See, e.g., Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67, 100 S.Ct. 2455, 2463-64, 65 L.Ed.2d 488 (1980); Link v. Wabash R. Co., 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); Whitney v. Cook, 99 U.S. (9 Otto.) 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. Sec. 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. This court has imposed attorney's fees and double costs for the taking of frivolous appeals in other contexts. See, e.g., United States v. Rayco, Inc., 616 F.2d 462, 464 (10th Cir.1980).
 
 
 11
 Stafford v. Commissioner, 805 F.2d 895, 896 (10th Cir.1986); Stafford v. Commissioner, 805 F.2d 893, 894-95 (10th Cir.1986).
 
 
 12
 In light of plaintiff's legally frivolous appeal, an award of damages and double costs is justified. In district court, defendant, the Honorable Leighton Fossey, moved for sanctions pursuant to Fed.R.Civ.P. 11. This motion was not ruled on. On remand, the district court shall also consider the merits of this motion. We note that the imposition of sanctions is not optional should the district court find a Rule 11 violation. See Chevron, U.S.A., Inc, v. Hand, 763 F.2d 1184, 1187 (10th Cir.1985); accord Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 870 (5th Cir.1988) (en banc).
 
 
 13
 The judgment of the United States District Court for the District of Kansas is AFFIRMED and the case is REMANDED to the district court to determine the amount of sanctions to be awarded for taking a legally frivolous appeal. The district court may "look to the principles that have evolved in the interpretation of Rule 11" in assessing the amount of the sanction awarded pursuant to Fed.R.App.P. 38 and 28 U.S.C. Sec. 1912. See Coghlan v. Starkey, 852 F.2d 806, 817 n. 21 (5th Cir.1988) (quoting Sparks v. National Labor Relations Bd., 835 F.2d 705, 707 (7th Cir.1987)).
 
 
 14
 The mandate shall issue forthwith.
 
 
 
 *
 The Honorable Juan G. Burciaga, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 [1]
 Following the entry of this order, plaintiffs filed their notice of appeal to this court followed by another motion in district court to file an amended complaint. Contrary to defendants' suggestion, this appeal is nonetheless timely. A "motion to reconsider an order disposing of a motion that tolled the running of the time for appeal typically does not again toll the running of the appeal period." Venable v. Haislip, 721 F.2d 297, 299 (10th Cir.1983)