**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARW EXPLORATION
CORPORATION,

Plaintiff,

v.

CESAR V. AGUIRRE;
ANASTASIOS ANDRIOPOULOS;
CHARLES E. BENDER; B.W.
COVINGTON; CHRIS
DALAMANGAS; P. ELAPORTAS;
GEORGE IOANNIDES; KYRIAKOS
IOANNIDES; V. KALTSAS;
CHRISTOS P. KARTSONIS;
DEMETRIOUS KARTSONIS; A.
GEORGE MAGOULIOTIS;
A. PAPATHANASOPOLOUS;
STEVE POULOS; S.L. PRABHU;
NEAL ROTH; DOROTHY
ROYCHOUDHURY;
S.L. STOGIANNIS;
G. VALLIANOS; and INDUMATHI
PONNAPALLI, as personal
representative of the estate of
Ponnapalli Ramakrishna,

Defendants-Third Party-
Plaintiffs-Appellees,

v.

SPYRIDON ARMENIS, also known
as Spiro Armenis,

No. 97-6280
(D.C. No. CIV-90-1598-L
&
CIV-91-1980-L)
(W.D. Okla.)

Third-Party-
Defendant-Appellant.

CESAR V. AGUIRRE;
ANASTASIOS ANDRIOPOULOS;
CHARLES E. BENDER;
B.W. COVINGTON; CHRIS
DALAMANGAS; P. ELAPORTAS;
GEORGE IOANNIDES; KYRIAKOS
IOANNIDES; V. KALTSAS;
CHRISTOS P. KARTSONIS;
DEMETRIOUS KARTSONIS;
A. GEORGE MAGOULIOTIS;
A. PAPATHANASOPOLOUS;
STEVE POULOS; S.L. PRABHU;
NEAL ROTH; DOROTHY
ROYCHOUDHURY; S.L.
STOGIANNIS; G. VALLIANOS; and
INDUMATHI PONNAPALLI, as
personal representative of the estate
of Ponnapalli Ramakrishna,

        Plaintiffs-Appellees,

v.

SPYRIDON ARMENIS, also known
as Spiro Armenis,

        Defendant-Appellant,

    and

ARW EXPLORATION
CORPORATION,

        Defendant.

-2-

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant appeals from several district court orders. For the following reasons, this court has jurisdiction to review only the district court's July 2, 1997 denial of appellant's January 27, 1997 motion to set aside the court's order denying appellant's previous motion for reconsideration, and his request for the recusal of two district court judges.

The district court entered final judgment in this action on September 26, 1996. Citing Fed. R. Civ. P. 59 and 60, appellant filed a motion for reconsideration of that decision on October 8, 1996, which, in light of Fed. R. Civ. P. 6(a)'s directions for computing time, was sufficient to toll the

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

time for filing a notice of appeal. See Fed. R. App. P. 4(a)(4). When the district court denied that motion for reconsideration, on December 16, 1996, appellant had thirty days to file his notice of appeal. See Fed. R. App. P. 4(a)(1). He did not do so. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988) (timely notice of appeal is jurisdictional prerequisite).

Instead, on January 27, 1997, appellant filed motions seeking the recusal of two district court judges and to have the December 16 decision set aside or vacated. As a second post-judgment motion, these pleadings did not toll the time for filing a notice of appeal from the final judgment entered December 16, 1996. See Okon v. Commissioner, 26 F.3d 1025, 1026 (10th Cir. 1994); Mullen v. Household Bank-Fed. Sav. Bank, 867 F.2d 586, 587 n.1 (10th Cir. 1989).

Appellant did file a timely notice of appeal from the district court's denial of his January 27, 1997 motions. This court, therefore, has jurisdiction to review only that decision. See Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996). Upon consideration of the record and the parties' briefs, we affirm.

The district court did not abuse its discretion, see Cauthon v. Rogers, 116 F.3d 1334, 1336 (10th Cir. 1997), in denying appellant's motion for the recusal of two district court judges. See Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997) (rumors, speculation or opinion concerning judge's impartiality are

insufficient; nor are adverse rulings appropriate grounds for disqualification);

Hutchinson v. Pfeil, 105 F.3d 562, 565 (10th Cir.) (no abuse of discretion to deny

motion to recuse, where district court did not ignore party's arguments, but rather

found them to be insufficient), cert. denied, 118 S. Ct. 298 (1997).

The district court also did not abuse its discretion, see Anderson v.

Department of Health & Human Servs., 907 F.2d 936, 952 (10th Cir 1990), in

denying appellant Fed. R. Civ. P. 60(b)(3) relief from judgment. Appellant's

allegations of the incompetence of his attorney are not an appropriate basis for

relief. See MacCuish v. United States, 844 F.2d 733, 735-36 (10th Cir. 1988).

Further, appellant's allegations of fraud are too speculative and conclusory to

provide the necessary clear and convincing proof that his attorney was guilty of

fraudulent conduct. See DeVargas v. Montoya, 796 F.2d 1245, 1258 (10th Cir.

1986), overruled on other grounds by Newcomb v. Ingle, 827 F.2d 675, 678 (10th

Cir. 1987); see also Weese v. Schukman, 98 F.3d 542, 552, 553 (10th Cir. 1996)

(requiring clear and convincing evidence of existence of fraud on court that

would be actionable above and beyond Rule 60(b)(3), resolving all doubts in

favor of finality of previously entered judgment).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.


                                                    Entered for the Court


                                                    Bobby R. Baldock
                                                    Circuit Judge