**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:  JAY H. PETERSON,

        Debtor.

---

JAY H. PETERSON,

        Plaintiff-Appellant,

   and

SANDRA LOPEZ,

        Plaintiff,

v.

FEDERAL TRADE COMMISSION;
MIKE MARTIN; DEBORAH
MARTIN,

        Defendants-Appellees.

No. 99-4243
(D.C. No. 98-CV-709)
(D. Utah)

---

**ORDER AND JUDGMENT**   *

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY** , **BALDOCK** , and **HENRY** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Debtor-plaintiff Jay Peterson appeals from a district court order dismissing these consolidated adversary proceedings.    [1]  We affirm, primarily for the reasons stated by the district court, with minor differences in rationale noted below.

In May 1993, the Federal Trade Commission (FTC) commenced an action against Mr. Peterson and several corporations alleging deceptive trade practices. The FTC secured appointment of an equity receiver to manage corporate assets and, in August 1995, a settlement agreement was executed encompassing the FTC's claims and those of various other parties.

Shortly after the FTC action commenced, Mr. Peterson personally filed for bankruptcy.  On November 29, 1995, the bankruptcy court confirmed his Second Amended Plan of Reorganization.  While the plan accommodated the settlement

_____

[1]     The notice of appeal was signed by Mr. Peterson (pro se), but not by Sandra Lopez.  "We therefore refer only to [Mr. Peterson,] although our decision would be the same even if [Ms. Lopez] had appealed."        *Duncan v. Gunter*  , 15 F.3d 989, 990 n.1 (10th Cir. 1994);    *see*  10th Cir. R. 3.1.

agreement in the FTC case in various ways, it was a distinct structuring of assets and debts specific to Mr. Peterson. And, though certain potential claims available against Mr. Peterson were deemed satisfied by virtue of the FTC settlement, the "receivership estate" and "bankruptcy estate" were nevertheless distinct entities.

In August 1998 and January 1999, Mr. Peterson filed two adversary complaints (the second adding one claim to the first) in his bankruptcy case. These asserted claims against an ex-employee and her husband (the Martins) for embezzlement and other wrongdoing allegedly prompting financial problems leading to the FTC enforcement action and Mr. Peterson's bankruptcy. They alleged FTC employees aided the Martins and, more generally, engaged in "submarine receivership" tactics, prompting an assortment of claims against the United States under the Federal Tort Claims Act, Federal Debt Collection Act, Tucker Act, Privacy Act, Internal Revenue Code, and Utah law. Eventually, the proceedings were consolidated and withdrawn from the bankruptcy court. In October 1999, the district court granted defendants' motion to dismiss.

The district court disposed of the case on alternative grounds. First, it concluded that the claims were not "related to" the Peterson bankruptcy and, therefore, failed to implicate bankruptcy jurisdiction under 28 U.S.C. § 1334(b). Second, it held that the claims as pled were deficient in various legal respects and

thus subject to dismissal in any event. We review both of these conclusions de novo. *See Dry v. United States*, 235 F.3d 1249, 1252 (10th Cir. 2000).

The district court appropriately applied a strict test for § 1334(b) "related to" jurisdiction, looking to the proceeding's practical effect on implementation of the confirmed reorganization plan, rather than to its conceivable effect on the bankruptcy estate. *See Zahn Assoc., Inc. v. Leeds Bldg. Prods., Inc. (In re Leeds Bldg. Prods., Inc.)*, 160 B.R. 689, 691 (Bankr. N.D. Ga. 1993). *See generally* Norman Kinel and Melissa Neier, *Post-Confirmation Jurisdiction in the Bankruptcy Courts: Does It Ever End?*, 55 Bus. Law. 81 (1999). Any impact on the implementation of Mr. Peterson's plan is simply too remote a contingency to support bankruptcy jurisdiction under § 1334(b).

That is not the end of the matter, as the district court could rely on other, non-bankruptcy bases for federal jurisdiction, at least where they were explicitly invoked in the pleadings. *See, e.g.*, *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 789 (11th Cir. 1990); *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1187-89 (7th Cir. 1986); *Cf. Maislin Indus., U.S., Inc. v. C.J. Van Houten E Zoon, Inc. (In re Maislin Indus., U.S., Inc.)*, 66 B.R. 614, 617 (E.D. Mich. 1986). Mr. Peterson invoked several grounds for extra-bankruptcy jurisdiction in his pleadings. As noted above, the district court's order includes an alternative disposition of the claims involved.

The district court held that, with one exception not pertinent here,[2] the FTCA claim was time-barred under the Act's two-year limitations provision. We agree that the provision applied to bar Mr. Peterson's FTCA claims, and hold that his attempt to invoke equitable tolling falls far short of the necessary grounds, *see Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999) (following *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The district court similarly held the Privacy Act claim barred under the two-year statute of limitations in 5 U.S.C. § 552a(g)(5). We agree and note that, to the extent Mr. Peterson's general discussion of equitable tolling is intended to apply, it avails him no more here than under the FTCA. The same is true of his claim under the Internal Revenue Code's non-disclosure provision, 26 U.S.C. § 7431, which also has a two-year statute of limitations, § 7431(d).

The district court held it lacked jurisdiction over any Tucker Act claim in light of the exclusive grant of jurisdiction to the United States Federal Court of Claims in 28 U.S.C. § 1491. Again, we agree. *See, e.g.*, *Amerada Hess Corp. v. Dep't of Interior*, 170 F.3d 1032, 1035-36 (10th Cir. 1999). Mr. Peterson now asks for transfer of this claim, but our acquiescence in this belated request would not be "in the interest of justice," 28 U.S.C. § 1631. After "taking 'a peek at the

---

[2] The exception concerns allegations regarding ex parte contact with a magistrate judge, which the court held were not actionable in light of judicial immunity. Mr. Peterson has not challenged that particular ruling on appeal.

merits,'" we conclude that, in light of both the timing of the request and the substance of the underlying claims, a transfer at this point would entail "wasting judicial resources." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (citations omitted).

Mr. Peterson's Administrative Procedures Act claim fails for various reasons. The most obvious is that his pleadings seek damages, which are not available under the APA pursuant to 5 U.S.C. § 702. His attempt to circumvent the statute through a perfunctory reference to "restitution" is unavailing. *See California v. United States*, 104 F.3d 1086, 1095 (9th Cir. 1997).

Finally, the district court dismissed Mr. Peterson's state law claims for lack of jurisdiction. Mr. Peterson has failed to challenge that ruling on appeal. *See generally Franklin Sav. Corp.*, 180 F.3d at 1128-29 (potential grounds supporting jurisdiction may be waived like any other contention).

In sum, Mr. Peterson has failed to show any reversible error in the district court's disposition of the proceedings. To the extent any particular arguments he raises on appeal are not addressed explicitly, they have been considered by the panel but found to be lacking sufficient merit to warrant express comment.

Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge