**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE E. YESKE,

      Plaintiff-Appellant,

v.

KING SOOPERS, INC., Colorado
Corporation; JOHN NEIL, individually
and as Chief Engineer of King
Soopers, Inc.; KATHY ALLEN,
individually and as Plant Manager of
King Soopers, Inc.; STEPHEN
SOLLNER, individually and as
Assistant Plant Manager of King
Soopers, Inc.; STEPHANIE
BOUKNIGHT, Employee Benefits
Manager of King Soopers, Inc.,

      Defendants-Appellees.

No. 00-1283
(D.C. No. 98-WM-2516)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **KELLY** , Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff George Yeske brought this action against his former employer, King Soopers, Inc., and some of its employees, and against his union local and some of its officials. He asserted claims for violations of the Americans with Disabilities Act and the Racketeer Influenced and Corrupt Organizations Act, breach of contract, and negligent infliction of emotional distress. Yeske stipulated to a dismissal with prejudice of the union defendants. Adopting the magistrate judge's report and recommendation, the district court granted the remaining defendants' motion for summary judgment. Yeske appeals.

Defendants have moved to dismiss the appeal on two grounds. First, they contend it should be dismissed because Yeske failed to file his opening brief within the time limits prescribed by Fed. R. App. P. 31(a)(1). We do not grant motions to dismiss for this reason. *See* 10th Cir. R. 27.2(A)(1) (stating that party may file motion to dismiss appeal only on bases of lack of jurisdiction, supervening change in law or mootness, or need for additional district court proceedings); *Mullen v. Household Bank-Federal Savings Bank*, 867 F.2d 586, 588 (10th Cir. 1989). Second, they contend we lack jurisdiction over the appeal

because the district court granted their summary judgment motion on June 19, 2000, but Yeske filed his notice of appeal on July 20, 2000, which they claim is untimely under Rule 4(a)(1)(A). However, Rule 4(a)(1)(A)'s thirty-day period runs from the date the court entered judgment on a separate document pursuant to Fed. R. Civ. P. 58, *Jenkins v. Burtzloff*, 69 F.3d 460, 461-62 (10th Cir. 1995), which was on June 28. We therefore have jurisdiction and turn to the merits.

We review a district court's grant of summary judgment de novo. *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000). Because Yeske is proceeding pro se, as he did in the district court, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted). Applying these rules, we interpret Yeske's appellate brief to challenge only the district court's rejection of his ADA claim. Although he separately contends that defendants' counsel violated ethical standards, he provides no indication how this prejudiced him, and we will not further consider this allegation.

> To establish a prima facie case of discrimination under the ADA, Plaintiff must first establish that he is "disabled" within the meaning of the statute. The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such

impairment; or (C) being regarded as having such an impairment."
42 U.S.C. § 12102(2).

*Lusk v. Ryder Integrated Logistics*, 238 F.3d 1237, 1239 (10th Cir. 2001) (citation omitted). Yeske claims he is disabled due to a shoulder injury which prevents him from climbing a ladder and restricts him from lifting more than ten pounds with his left arm. In granting summary judgment to defendants, the district court determined that these restrictions were not substantially limiting and that Yeske was therefore not disabled under the ADA.

On appeal, Yeske does not challenge this basis for finding he was not disabled, but instead contends he was disabled because defendants regarded him as such. *See* 42 U.S.C. § 12102(2)(C). Although the district court did not address this contention, we can liberally construe his pleadings as having raised it. Nonetheless, we find it without merit. The only evidence to which Yeske referred in support of this argument was the fact that defendants placed him on a medical leave of absence pending identification of a position he could perform given his restrictions. This shows merely that defendants recognized his restrictions and treated him accordingly. By itself, it does not show that they regarded him as disabled. *Lusk*, 238 F.3d at 1241-42.

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge