**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAY H. PETERSON, personally and
as Successor to the Bankruptcy Estate
of Jay H. Peterson, Bankruptcy
No. 93B-26457,

   Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

   Defendant-Appellee.

No. 06-4186
(D.C. No. 2:04-CV-962-BSJ)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

This matter is an appeal from a judgment of the district court in

plaintiff-appellant Jay Peterson's pro se tax-refund suit.  The district court

granted summary judgment in favor of the United States and denied Peterson's

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

two recusal motions and his Rule 59 motion.[1]  The underlying dispute evolved from a Federal Trade Commission (FTC) prosecution of Peterson and his various subchapter S corporations and the eventual appointment of a receiver who collected more than $5 million from the defendants.  In 1995, Peterson, the FTC, the receiver, the Internal Revenue Service (IRS), and the Utah State Tax Commission entered into a written settlement agreement concerning the administration of the receivership estate.  Under that agreement, the receiver was to pay $458,000 to the IRS.  Settlement Agreement at 19 ¶ 8.1.  The agreement further provided that any residual distributions made to Peterson were to be taxed to him personally.  *Id.* at 21 ¶ 9.3.

In 2001, the receiver made a distribution to Peterson and paid $343,936 in taxes to the IRS.  In his attempt to prevail on appeal and thus to secure the refund of that amount, Peterson argues that the district court (1) improperly applied the principles of res judicata to his case; (2) relied on "whimsical" pleading requirements to defeat his refund claim; (3) wrongly granted the United States' motion for summary judgment; and (4) should have recused.

Our jurisdiction arises under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.  Because we agree with the district court that Peterson cannot prevail on his refund

---

[1]     To the extent Peterson is attempting to appeal the district court's August 10, 2006, order denying his second Rule 59 motion, we note that no notice of appeal was filed pertaining to that order, and thus this court has no jurisdiction to consider it.

claim since the binding settlement agreement not only properly authorized but required the tax payment in question, and because Peterson has not advanced any factually or legally adequate grounds for recusal, we affirm.

We review the district court's grant of summary judgment to the United States de novo, relying on the same standard as that applied by the district court. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000). Summary judgment is appropriate only if there are no genuine issues as to any material fact and the United States is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

As for Peterson's contention that res judicata is inapplicable to his case, we note that, contrary to Peterson's representation, the district court did not rely upon that theory for its decision. It referenced res judicata in its memorandum opinion and order only in its recap of one of the summary judgment arguments made by the United States.[2] Mem. Op. & Order at 9. The overarching basis of the court's decision was the fact that Peterson had entered into a binding agreement to treat the receiver's residual distribution as personally taxable to him. *Id.* at 21. That 1995 agreement was not confined to tax treatment of income for any specific year but applied to the receiver's residual distribution whenever it

---

[2] The district court discussed res judicata in its order denying Peterson's Rule 59 motion, but only to distinguish *Green v. Comm'r*, No. 98-9037, 1999 WL 1079605 (10th Cir. Nov. 30, 1999), which Peterson had cited in his response to the United States' cross motion for summary judgment.

occurred. When the distribution occurred in 2001, the 1995 agreement was still in place, still enforceable, and still dictated the tax consequences of the distribution. The district court did not rely on, nor was it necessary to rely on, principles of res judicata to justify its grant of summary judgment to the United States.

Peterson next challenges the district court's "oddball" conclusion that his complaint was inadequate to bring the issue of his alleged 2007 deductions before the court. Peterson's arguments in this regard, however, consist mostly of unsubstantiated charges of transcript tampering and judicial impulsiveness. *See* Opening Br. at 10-12. The only argument even remotely approaching appropriate appellate discourse is Peterson's statement that his "detailed list of 10 deductions is found numerous times in the pleadings." *Id.* at 12. Peterson, however, fails to identify where in his *complaint* he makes a claim for relief based on purported deductions. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal quotation marks omitted and textual omissions in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Yet, nowhere in Peterson's complaint is there any claim that his taxes for 2001 were improperly calculated and/or that he was entitled to deductions for that

year. Peterson's attachment to his complaint of the refund claim he submitted with his 2001 tax return was insufficient to put the United States on notice that he was arguing *in this action* that he was entitled to deductions for 2001. The district court did not err in refusing to consider this matter where Peterson argued it for the first time at the hearing on the cross motions for summary judgment.

Peterson's third argument, that he is entitled to summary judgment as a matter of law, is without merit for the reasons explained above. The fact that Peterson was bound by the 1995 settlement agreement, the validity of which he does not challenge, is fatal to his argument and mandated summary judgment for the United States.

Finally, Peterson argues that the district court judge should have recused under 28 U.S.C. § 144. We review a refusal to recuse for abuse of discretion. *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). In an argument rife with wild, unsubstantiated speculation, Peterson ultimately argues that the district judge should have transferred the recusal motion to another judge. Peterson misapprehends the law in this area.

> Affidavits of disqualification [under §144] must allege personal rather than judicial bias. They must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice. Motions alleging bias and prejudice on the part of a judge which establish simply that the affiant does not like a particular judge are not adequate to require disqualification.

*United States v. Bray,* 546 F.2d 851, 857 (10th Cir. 1976) (citations omitted). In order to be sufficient, the §144 affidavit must state facts and reasons which "'give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978) (quoting *Berger v. United States*, 255 U.S. 22, 33-34 (1921)). "A disqualification order under §144 should be issued when a reasonable man would conclude on the facts stated (in the affidavit) that the district judge had a special bias against defendant." *Bell*, 569 F.2d at 559 (quotation omitted). Because Peterson's affidavit failed to reach this standard, the district judge did not abuse his discretion in denying the §144 motion.

In sum, Peterson has failed to show any reversible error in the district court's disposition of the proceedings. To the extent any particular arguments he raises on appeal are not addressed explicitly, they have been considered by the panel but found to be lacking sufficient merit to warrant express comment.

Peterson's motion to strike the brief of the United States and his two

motions to supplement the record are DENIED.  The judgment of the district

court is AFFIRMED.


                                        Entered for the Court



                                        Jerome A. Holmes
                                        Circuit Judge