**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAY H. PETERSON,

      Plaintiff-Appellant,

v.

HERSCHEL J. SAPERSTEIN;
RAY QUINNEY & NEBEKER;
STEVEN W. CALL; CHARLES
FOOTE; CRAIG MCQUARRIE;
CBIZ & MAYER HOFFMAN
MCCANN; CATHERINE FULLER;
JOHN C. HALERUD; MICHAEL T.
MILLER,

      Defendants-Appellees.

No. 06-4314
(D.C. No. 2:05-CV-900-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jay H. Peterson brought this civil suit alleging claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, and several pendent state-law claims.[1] The district court dismissed the suit and later denied Peterson's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59. Peterson now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM**.

We will not repeat in detail the long history behind this suit, which has been recited in connection with several appeals brought by Peterson in related proceedings. See Peterson v. United States, 239 F. App'x 428 (10th Cir. 2007); In re Peterson, 6 F. App'x 837 (10th Cir. 2001); FTC v. Peterson, 3 F. App'x 780 (10th Cir. 2001). Peterson's business was put into receivership after the Federal Trade Commission ("FTC") initiated proceedings against him for deceptive trade practices. Eventually, a settlement agreement was executed and incorporated in a court order, establishing a refund program for the relief of Peterson's customers administered by the Receiver. Upon completion of the refund program, the district court approved the Receiver's final report. Consistent with the terms of the settlement agreement, the court discharged the Receiver and his counsel and

---

[1]     The day after filing this suit, Peterson commenced an essentially identical "protective action" in state court, which was promptly removed to federal court and consolidated with this suit. He has not challenged either the removal or the consolidation. We therefore refer to this as a single case.

accountants (the defendants in the present suit) from any liability associated with the handling of the receivership. Peterson did not appeal that order.

Several years later, Peterson brought this action collaterally attacking the conduct of the receivership and seeking treble damages in the amount of $180 million, fees, costs, and any other appropriate relief. The district court granted defendants' motion to dismiss, holding that: (1) based on the settlement agreement and orders implementing it, as well as the final disposition of the receivership action, res judicata precluded Peterson's claims; (2) the action was barred by the statute of limitations; and (3) Peterson failed to state a claim for relief. Peterson timely moved to alter or amend the judgment of dismissal under Rule 59, and, after that motion was denied, timely commenced this appeal.[2] See Fed. R. App. P. 4(a)(4)(A)(iv).

We review the district court's dismissal of the case on res judicata grounds de novo, Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990), and its denial of the Rule 59 motion for abuse of discretion, Phelps v. Hamilton,

---

[2]      Peterson thereafter filed additional post-judgment motions, but these had no effect on the appeal taken from the denial of his Rule 59 motion. Successive post-judgment motions do not combine to perpetuate the time for appeal, Okon v. Comm'r, 26 F.3d 1025, 1026 (10th Cir. 1994), and thus a proper appeal after the denial of a Rule 59 motion is not affected by the filing of subsequent post-trial motions, see Mullen v. Household Bank-Fed. Sav. Bank, 867 F.2d 586, 587 n.1 (10th Cir. 1989). Disposition of the later-filed motions would not be subject to review absent a separate or amended notice of appeal directed thereto. As Peterson has not filed such a notice of appeal, we have jurisdiction to consider only the underlying judgment and the denial of his initial Rule 59 motion.

122 F.3d 1309, 1324 (10th Cir. 1997). Peterson argues that, under principles of contract law, his prospective release of liability through the settlement agreement is invalid insofar as it relates to claims based on intentional torts and gross negligence. Without expressing any opinion on the application of that contract precept to the settlement agreement here, we note that it has nothing to do with the principle of res judicata invoked by the district court based on the final disposition of the receivership proceeding, in which Peterson was a party.

"RICO is many things, but it is not an exception to res judicata." In re Met-L-Wood Corp., 861 F.2d 1012, 1016 (7th Cir. 1988); see also Fox v. Maulding, 112 F.3d 453, 456-60 (10th Cir. 1997) (affirming dismissal of RICO action on basis of res judicata). Accordingly, if a party fails to raise objections or defenses at the proper time in one case, he "cannot be allowed to mount a collateral attack on [an] otherwise valid and final [judgment] and the rights established therein by subsequently raising those defenses in the disguise of civil RICO claims." Henry v. Farmer City State Bank, 808 F.2d 1228, 1237 (7th Cir. 1986); see Fox, 112 F.3d at 457-58 (holding res judicata barred RICO claims that could have been raised in a prior foreclosure action because they "would impair rights that were established in the [prior] action").

Peterson alleges that those operating the receivership did so improperly to "loot" his business of its cash and assets, and he seeks treble damages for the "appraised value of the destroyed company." As previously noted, however,

Peterson did not raise these objections in the receivership proceedings, nor did he appeal the order dismissing any and all claims against the defendants.[3] He is, in short, mounting a collateral attack on the handling and disposition of the receivership proceeding. This he may not do, even under the auspices of a RICO action. The district court therefore correctly concluded that Peterson's underlying claims were barred, and did not abuse its discretion in finding no reason why its judgment should be altered under Rule 59.

Peterson objects to the district court's consideration of materials outside the pleadings and the lack of an opportunity to file opposing materials under Federal Rule of Civil Procedure 56. The court's decision to dismiss Peterson's claims, however, was based on court orders that were properly considered for this purpose. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004) (noting that "[n]umerous cases [involving dismissal on the pleadings] . . . have allowed consideration of . . . items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case . . . without converting the motion into one for summary

---

[3] In August 2001, the district court issued an order stating that "after notice and absent objection," it intended to release the Receiver and his agents from any and all claims. Finding that by April 2002 it had received no objections, the court discharged the Receiver and his agents of all claims.

judgment"). Peterson also argues that he was entitled to summary judgment on the merits, but, again, his claims are barred by res judicata.[4]

In addition, Peterson contends that the district court should have granted his motion for recusal. Because he filed the motion for recusal after his Rule 59 motion, and he has not separately appealed the denial of that recusal motion, we lack jurisdiction to consider the matter. Peterson also insists the district court should have ordered defendants to undergo lie detector testing, but this odd discovery request is moot in light of the legally conclusive res judicata defense.

Finally, defendants seek an award of attorney fees under Federal Rule of Appellate Procedure 38. They did not, however, comply with Rule 38's directive to proceed by "a separately filed motion." Fed. R. App. P. 38. As the Advisory Committee Note to the 1994 Amendments to the Rule explains:

> [B]efore a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond. . . . A separately filed motion requesting sanctions constitutes notice. A statement inserted in a party's brief that the party moves for

---

[4]     There may be, as the district court indicated, other fatal legal defects in Peterson's underlying case. We note that although he summarily alleges that defendants looted and destroyed his business, he does not identify a single specific act of financial wrongdoing, much less a pattern of such acts. We have previously affirmed the dismissal of RICO claims pled with a similar lack of specificity. See, e.g., Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 989 (10th Cir. 1992). It also appears that Peterson was aware of his injury, i.e., the liquidation and adverse distribution of the assets of his business, well before the final termination of the receivership and thus more than four years before this suit, which would put his claims outside the RICO statute of limitations. See Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226, 1234 (10th Cir. 2006).

sanctions is not sufficient notice.  Requests in briefs for sanctions have become so commonplace that it is unrealistic to expect careful responses to such requests without any indication that the court is actually contemplating such measures.  Only a motion . . . is sufficient.

Because defendants' request is procedurally deficient, we decline to entertain it.

See, e.g., Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 709 (9th Cir. 2004);

Delta W. Group, LLC v. Ruth E. Fertel, Inc., 164 F. App'x 650, 656 n.8

(10th Cir. 2005) (noting "it is insufficient to make such a request [for attorney

fees] in a party's brief") (unpublished).

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge