**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOUG HAMBELTON,

      Plaintiff–Appellee,

v.

CANAL INSURANCE COMPANY,

      Defendant–Appellant.

No. 10-6127
(D.C. No. 5:09-CV-00208-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Canal appeals the district court's award of attorneys' fees to Hambelton as

a prevailing party under Okla. Stat. tit. 36, § 3629(B). Reviewing the district

court's legal conclusions regarding attorneys' fees de novo, see West American

Insurance Co. v. AV&S, 145 F.3d 1224, 1230 (10th Cir. 1998), and the amount of

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the award for abuse of discretion, see Anchondo v. Anderson, Crenshaw & Assocs., 616 F.3d 1098, 1101 (10th Cir. 2010), we affirm.

## I

The facts of this case are set forth in Hambelton v. Canal Insurance Co., No. 10-6069 (10th Cir. 2010), also announced today, in which we affirmed the district court's judgment for Hambelton on his breach of contract and bad faith claims.

## II

In this case, Canal appeals only the district court's award of attorneys' fees. It argues the court: (1) should have applied Missouri attorney fee law; (2) incorrectly concluded that Hambelton submitted an adequate proof of loss under Okla. Stat. tit. 36, § 3629; (3) incorrectly awarded attorneys' fees because the "core element" of Hambelton's case was not the insured loss; and (4) awarded unreasonable fees.

## A

Canal argues that the district court should have applied Missouri attorney fee law instead of Oklahoma law. But its attempt to create a conflict of laws question fails: both Oklahoma and Missouri allow for awards of a reasonable amount of attorneys' fees where an insurer failed to pay a valid claim. "When there is no conflict, the court applies the law of the forum." Emp'rs Mut. Cas.

Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1170 (10th Cir. 2010) (alterations omitted).

**B**

Oklahoma's statute authorizing awards of attorneys' fees to prevailing insureds provides in pertinent part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement.

Okla. Stat. tit. 36, § 3629(B). Canal argues that Hambelton should not have been awarded fees because he did not provide an adequate "proof of loss" to trigger Canal's duty to respond within ninety days. Absence of a formal "proof of loss," however, is not fatal to award of fees under the statute. See Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh, 236 F.3d 1260, 1266 (10th Cir. 2001). Any notice by an insured provides the insurer sufficient proof of loss if the notice "serves the ultimate purpose of affording the insurer knowledge that can be acted upon." Dixson Produce, LLC v. Nat'l Fire Ins. Co. of Hartford, 99 P.3d 725, 729 (Okla. Civ. App. 2004) (quotation omitted).

Canal's policy required Hambelton to give notice of the loss and file "his sworn proof of loss in such form and including such information as the company may reasonably require." Hambelton submitted his loss to his insurance agent,

who in turn submitted an automobile loss notice to Canal's general agent.  From that point, Canal investigated Hambelton's claim without requesting additional information or requiring the submission of a formal proof of loss.

Association of County Commissioners of Oklahoma v. National American Insurance Co., 116 P.3d 206 (Okla. Civ. App. 2005), upon which Canal relies, is readily distinguishable.  In that case, an Oklahoma court denied attorneys' fees under § 3629(B) because the insured's notice gave the insurer "no basis on which to make a settlement offer or reject the claimed loss."  Assoc. of Cnty. Comm'rs of Okla., 116 P.3d at 212.  But it opined that an informal demand or loss notice could have been sufficient to satisfy § 3629(B) because a "formal proof of loss form" was not "part of the course of dealing" between the insurer and the insured.  Assoc. of Cnty. Comm'rs of Okla., 116 P.3d at 212.  Hambelton did not provide a formal proof of loss, but he did give Canal sufficient notice to be able to comply with § 3629(B).  Hambelton is not precluded by § 3629(B) from recovering attorneys' fees.

## C

Pointing out that Hambelton's breach-of-contract recovery constitutes a fairly small proportion of the total damages the jury awarded him, Canal asserts that Hambelton is not entitled to attorneys' fees under § 3629(B) because tort damages, not contract damages, are the "core element" of his case.

Oklahoma law, however, is clear that recovering attorneys' fees under § 3629(B) does not depend on the insured's theory of liability, but on whether "the recovery of the insured loss [is] the prevailing party's core element of reparations." Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253, 1258 (Okla. 1999). "Recovery authorized by § 3629(B) embraces both contract- and tort-related theories of liability so long as the 'core element' of the damages sought and awarded is composed of the insured loss." Taylor, 981 P.2d at 1256.

For example, the Oklahoma Supreme Court has held that the "core element principle" of Taylor precluded attorney fee awards under § 3629(B) in a case which, "[r]ather than having as its core element the insured loss," had as its "primary focus and heart" the insured's "attempt to recover uninsured financial losses not covered by the policy of insurance and to recover damages for embarrassment, and mental pain and suffering." Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1107 (Okla. 2005).

Unlike the plaintiff in Badillo, recovery under the policy was central to Hambelton's case. The record supports the district court's conclusion that "the insured loss was a core element of the damages sought and awarded," even though "the core turned out to be but a small part of the apple."

**D**

Oklahoma requires that attorneys' fees be "reasonable in light of the amount sued for and recovered." Sw. Bell Tel. Co. v. Parker Pest Control, Inc.,

-5-

737 P.2d 1186, 1188 (Okla. 1987). Canal claims that Hambelton's attorneys failed to demonstrate the prevailing market rate or justify their time expenditure and that the district court did not provide an adequate explanation of its fee calculation. The record shows, however, that the district court reviewed the billing statements of the attorneys, applied prevailing rates, disallowed some of the attorneys' listed hours, and reduced others by a general 15%. This is the very kind of discretionary conclusion properly left to the trial court.

## III

In his reply brief, Hambelton asks us to award him the fees he incurred defending this appeal, citing Oklahoma law that allows such fees. But this appeal is governed by Fed. R. App. P. 38, which requires this issue to be raised in a separately filed motion. See, e.g., Peterson v. Saperstein, 267 F. App'x 751, 755 (10th Cir. 2008) (unpublished). Because Hambelton has not yet filed such a motion, we do not rule on the merits of his request.

## IV

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge